UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ACCESS FOR THE DISABLED, INC.,
ROBERT COHEN, and PATRICIA KENNEDY,

     Plaintiffs,

vs.

BAGEL RAMA, INC.  A Florida Corporation

     Defendant.

_____/

## INJUNCTIVE RELIEF SOUGHT

## COMPLAINT

Plaintiffs, ACCESS FOR THE DISABLED, INC., ROBERT COHEN, and PATRICIA KENNEDY (Collectively "Plaintiffs"), by and through the undersigned counsel, hereby file this Complaint against Defendant, BAGEL RAMA, INC. (hereinafter "Defendant") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §1281, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), and allege as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiffs' claims arising under 42 U.S.C. §12181, *et seq.*, based

CHEPENIK & TRUSHIN LLP
12550 Biscayne Boulevard, Suite 904 • Miami, Florida 33181 • Tel 305.981.8889 • eFax 305.405.7979

upon Defendant' failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2201).

## PARTIES

2.      Plaintiffs, ROBERT COHEN and PATRICIA KENNEDY are residents of the State of Florida and this judicial district, are *sui juris*, are disabled as defined by the ADA, and substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and/or pinching.  Plaintiffs use wheelchairs for mobility purposes.  Plaintiffs' access to the Defendant's restaurant commonly referred to as Bagelmania located at 15842 W. State Rd. 84, Weston, FL ("the Facility") and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations which exist at the Facility, including those set forth in this Complaint.

3.      In June of 2011, Plaintiffs ROBERT COHEN and PATRICIA KENNEDY visited the Facility as a customer, purchased food, sat in the Facility, attempted to utilize the restroom facilities.

4.      Plaintiffs intend to visit the Facility annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Facility.  Plaintiffs live in the vicinity of the Facility, have visited the Facility at least

2
CHEPENIK & TRUSHIN LLP
12550 Biscayne Boulevard, Suite 904 • Miami, Florida 33181 • Tel 305.981.8889 • eFax 305.405.7979

twice before and intend on visiting the Facility within the next six months or as soon as the Facility is accessible again.

5.      In this instance, Plaintiffs, ROBERT COHEN and PATRICIA KENNEDY in their individual capacity and as members and testers for ACCESS FOR THE DISABLED, INC., travelled to the Facility as customers, encountered the barriers to access at the Facility detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's ADA violations discussed below.

6.      ACCESS FOR THE DISABLED, INC. is a non-profit Florida corporation. Plaintiffs are members of this organization.  This organization's purpose is to, among other things, represent the interest of its members and other persons with disabilities by assuring that places of public accommodation are accessible to and usable by individuals with disabilities.   Plaintiffs, and other persons with disabilities, have suffered and/or will suffer direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to remove the physical barriers to access and comply with ADA requirements.

7.      Defendant is a Florida corporation, and transacts business in the State of Florida and within this judicial district.  Its owns and/or operates the Facility commonly referred to as Bagelmania located at 15842 W. State Rd. 84, Weston, FL.  Defendant is the owner, lesee, sub-lesee, lessor and/or operator of the real property and improvements

3

which are the subject of this action, commonly referred to as Bagelmania and referred to

in this Complaint as the Facility.

## FACTUAL ALLEGATIONS AND CLAIM

8.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42

U.S.C. §12101, *et seq.*

9.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

4

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

10.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

11.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

12.    The Facility is a public accommodation and service establishment.

13.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36.  Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §1281, *et seq.*, and 28 C.F.R. §36.508(a).

CHEPENIK & TRUSHIN LLP
12550 Biscayne Boulevard, Suite 904 • Miami, Florida 33181 • Tel 305.981.8889 • eFax 305.405.7979

14.     The Facility must be, but is not, in compliance with the ADA and ADAAG.

15.      Plaintiffs have attempted to and have, to the extent possible, accessed the Facility in their capacity as customers of Defendant, but could not do so because of their respective disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit their access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

16.     Plaintiffs and members of ACCESS FOR THE DISABLED, INC. intend to visit the Facility again in the very near future as customers in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at these Facility, but will be unable to do so because of their disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit their access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

17.     Defendant has discriminated against Plaintiffs and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiffs and others with disabilities unless and until

6

Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiffs.

18.    Defendant has discriminated against Plaintiffs by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiffs' ability (because of their disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, include:

**RESTROOMS:**

a.   The grab-bars in the restrooms do not comply with Sections 4.17.6 and 4.26 of the ADAAG.

b.   Restrooms designated for public use at the Facility are inaccessible without the required disabled use elements in violation of several sections of the ADAAG.

c.   The bathroom doors have handles which requiring pinching, twisting and turning in violation of applicable sections of the ADAAG.

d.   The disabled bathrooms lack ADAAG compliant signs designating said bathrooms as disabled.

e.   The urinal exceeds the required height set forth in the ADAAG.

CHEPENIK & TRUSHIN LLP
12550 Biscayne Boulevard, Suite 904 • Miami, Florida 33181 • Tel 305.981.8889 • eFax 305.405.7979

f.  The paper towel dispenser exceeds the required maximum height set forth in the ADAAG.

g.  There is insufficient leg-room underneath both bathroom lavatories in violation of the ADAAG.

h.  The trash receptacle blocks the entry to both the male and female bathrooms and renders the accessable route less than the required 36 inches pursuant to the ADAAG.

i.  The door to the female disabled bathroom does not open to the minimum 32 inches as required by the ADAAG due to obstructions.

**ACCESSIBLE ELEMENTS**

a.  There are insufficient access aisles throughout the Facility.

b.  The surrounding counters adjacent to the cash register are too high and in violation of applicable sections of the ADAAG.  Specifically, while the cash register rests on a counter that is at 36 inches, there is no room for a disabled individual to place a credit card receipt on the counter to sign.  As such, the counter is of insufficient length and therefore in violation of the ADAAG.

19.  The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiffs and/or which exist at the Facility. Plaintiffs require an inspection of Facility in order to determine all of the discriminatory acts violating the ADA.

CHEPENIK & TRUSHIN LLP
12550 Biscayne Boulevard, Suite 904 • Miami, Florida 33181 • Tel 305.981.8889 • eFax 305.405.7979

20.     Plaintiffs have attempted to gain access to the Facility in their capacity as customers, but because of their disability have been denied access to, and have been denied the benefits of services, programs and activities of the Facility, and have otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendant because of Plaintiffs' disabilities, unless and until Defendant are compelled to remove the unlawful barriers and conditions and comply with the ADA.

21.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

22.     Plaintiffs are without adequate remedy at law, are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

23.     Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendant pursuant to 42 U.S.C. § § 12205 and 12117.

CHEPENIK & TRUSHIN LLP
12550 Biscayne Boulevard, Suite 904 ● Miami, Florida 33181 ● Tel 305.981.8889 ● eFax 305.405.7979

24.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiffs, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

WHEREFORE, Plaintiffs respectfully request that this Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and award Plaintiffs their reasonable attorneys' fees, litigation expenses and costs.

Respectfully submitted this 5th day of August, 2011.

/s/ Douglas S. Schapiro
Bradley H. Trushin, Esq.
Florida Bar No. 816371
Douglas S. Schapiro
Fla. Bar #54538
Chepenik & Trushin, LLP
Attorneys for Plaintiff
12550 Biscayne Boulevard
Suite 904
North Miami, FL 33181
Tele: 305-981-8889
Fax: 305-405-7979

CHEPENIK & TRUSHIN LLP
12550 Biscayne Boulevard, Suite 904 • Miami, Florida 33181 • Tel 305.981.8889 • eFax 305.405.7979